*Reconsiderations Denied June 26, 2009:*

*In re* APPLICATION OF DETROIT EDISON COMPANY (ATTORNEY GENERAL V PUBLIC SERVICE COMMISSION), Nos. 134667, 134668, and 134669. Court of Appeals judgment affirmed in part and reversed in part at 483 Mich 993. Reported below: 276 Mich App 216.

CORRIGAN and MARKMAN, JJ. We would grant Detroit Edison's motion for reconsideration and would affirm the judgment of the Court of Appeals.

ATTORNEY GENERAL V PUBLIC SERVICE COMMISSION, No. 136431. Court of Appeals judgment affirmed at 483 Mich 998. Court of Appeals No. 261747.

PEOPLE V KIRCHER, No. 137652. Leave to appeal denied at 483 Mich 986. Court of Appeals No. 275215.

KELLY, C.J., and CAVANAGH and MARKMAN, JJ. We would grant the motion for reconsideration and would grant leave to appeal for the reasons set forth in Justice MARKMAN's dissenting statement in *People v Kircher*, 483 Mich 986 (2009).

*Leave to Appeal Denied July 7, 2009:*

PEOPLE V BRANNER, No. 137373; Court of Appeals No. 275911.

KELLY, C.J. (*dissenting*). I dissent from the order denying defendant's application for leave to appeal. The Court of Appeals concluded that the record was sufficient to establish that defendant waived his right to a jury trial. However, it never addressed that, in the brief colloquy regarding the parties' stipulation to a trial on the paper record, the court never advised defendant of his other trial rights. Rather, the court employed a perfunctory process, concluding that defendant voluntarily waived all those rights. The dissenting Court of Appeals judge reasonably questioned whether virtually *all* the rights associated with a trial could properly be waived in such a manner.

I agree with the dissent that the absence of procedural safeguards in this case spawns a fundamental concern about how the justice system should operate. The issue stretches beyond defendant's case and is jurisprudentially significant, especially if other trial courts employ the procedure used here. It is significant also given the distressed condition of criminal defense for the indigent in this state.[1]

Therefore, I would grant leave to appeal to determine whether the procedure employed to determine defendant's guilt was adequate and whether the trial court fulfilled its obligation to safeguard defendant's fundamental rights.

---

[1] See National Legal Aid & Defender's Association, *Evaluation of Trial-Level Indigent Defense Systems in Michigan,* <http://www.michbar.org/publicpolicy/pdfs/ indigentdefense_report.pdf> (accessed June 23, 2009).